UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

In re:  Bankr. No. 21-30026

Duling Sons, Inc.,

    Debtor.  Chapter 11

MEMORANDUM DECISION AND ORDER

    This matter came before the Court on two motions. First, Lesley Russell, in her capacity as Personal Representative for the Estate of Daniel Duling, and Duling Land & Cattle, Inc. filed a Motion to Convert the Case from Chapter 11 to Chapter 7 pursuant to 11 U.S.C. §1112, or alternatively, to remove the Debtor-in-Possession (a "DIP") pursuant to 11 U.S.C. § 1185 (the "Estate of Dan Duling's Motion"). [ECF No. 175.] Metropolitan Life Insurance Company joined the Estate of Dan Duling's Motion. [ECF No. 256.] Second, the United States Trustee (the "UST") filed a separate Motion to Convert the Case from Chapter 11 to Chapter 7 pursuant to 11 U.S.C. § 1112 [ECF No. 294.] (the "UST's Motion") (collectively, ECF Nos. 175 and 294 are referred to as the "Motions"). Advantage Land Co., LLC joined the UST's Motion. [ECF No. 298.] Debtor objected to both Motions. [ECF Nos. 200 and 301.] The court held an initial hearing on the Motions on March 15, 2023. The hearing was continued to April 7, 2023 to provide an opportunity for the parties to submit supplemental briefing. The UST filed a Comment on Removal of the DIP as an Alternative to Conversion to Chapter 7 on April 4, 2023. [ECF No. 342.] Appearances at the initial and final hearing were noted on the record. The matter is now ready for disposition.

This is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This memorandum decision is based on all the information available to the Court and constitutes the Court's findings and conclusions under Fed. R. Bankr. P. 7052, made applicable to this contested matter by Fed. R. Bankr. P. 9014(c). For reasons set forth hereinafter, the Motions are granted, and Debtor shall be removed as a Debtor-in-Possession upon entry of this order.

## BACKGROUND

Debtor commenced this case by filing a voluntary petition on December 3, 2021. [ECF No. 1.] It elected to proceed under Subchapter V of Chapter 11 and Elizabeth M. Lally was appointed to serve as the subchapter V trustee (the "Trustee"). [ECF No. 11.] The case was contentious from the outset. On August 18, 2022, the Court granted a Motion for an Investigation by the Trustee pursuant to 11 U.S.C. §§ 1106(a)(3) and 1183(b)(2). [ECF Nos. 184 and 202.] The Trustee conducted an extensive investigation, which was summarized in a report filed on January 10, 2023 (the "Trustee's Report"). [ECF No. 279.] The UST's Motion seeking conversion or dismissal was filed on February 10, 2023. [ECF. No. 294.] After the initial hearing, the UST modified its position to indicate its support for removal of the DIP in lieu of conversion or dismissal. [ECF No. 342.]

The Motions and the Trustee's Report relay similar facts. Raymond Joseph Duling ("Joe") and Daniel Duling ("Dan") were brothers. Their history is fraught with distrust and conflict. Dan's Estate owns a majority of the Debtor's outstanding stock,

but it is non-voting stock. Joe holds a minority interest in Debtor, but all his stock is voting stock. Both brothers have previously held various officer positions. Dan is now deceased, and Joe is currently in control of Debtor. He is the sole director, and he holds all corporate officer positions. [Trustee's Report ¶ 29, ECF No. 279.]

By the conclusion of the final hearing on the Motions, it was apparent that all major stakeholders in the case favored removing the DIP and expanding the role of the Trustee. All parties who submitted Motions or Joinders, as well as the Trustee's Report, assert that Joe has engaged in gross mismanagement of Debtor's business, and likely committed fraud and/or self-dealing against Debtor.

## DISCUSSION

I.   "Cause" Exists to Remove or Convert.

A chapter 11 case may be dismissed, converted to chapter 7, or the debtor-in-possession may be removed "for cause." 11 U.S.C. §§ 1112(b)(1) and 1185(a). Sections 1112(b)(4) and 1185(a) of the bankruptcy code provide non-exclusive lists of causes that require conversion or removal respectively. See In re ComedyMX, LLC, 647 B.R. 457, 464 (Bankr. D. Del. 2022). The record in this case supports a finding of "cause" under Section 1112(b)(4)(A). The case has been pending for 16 months. Administrative expenses and interest due to an oversecured lender are accruing and pose a threat to the administrative solvency of the case. Notwithstanding the presence of experienced professionals and extensive legal work in the case, the DIP has made scant progress in securing the support of creditors for a plan of reorganization.

Courts "have frequently identified other factors that support a finding of cause [under §§ 1112(b)(1) or 1185(a)] including where the debtor in possession has a conflict of interest in properly investigating and pursuing potential fraudulent transfers and other claims of the estate." In re No Rust Rebar, Inc., 641 B.R. 412, 423 (Bankr. S.D. Fla. 2022) (citing In re Picacho Hills Utility Co., Inc., 518 B.R. 75, 82 (Bankr. D.N.M. 2014), and In re Ashley River Consulting, LLC, No. 14-13406 (MG), 2015 WL 1540941, at *9 (Bankr. S.D.N.Y. Mar. 31, 2015) (internal quotations omitted)). An incurable conflict is created where a principal of a debtor "would have to investigate, and if necessary, sue himself and his own entities." In re No Rust Rebar, 641 B.R. at 425. The record in this case also confirms that every major stakeholder has serious concerns about the existence of conflicts of interest and the DIP's ability to act as a fiduciary for the Debtor's bankruptcy estate. For example, Joe presently has sole control of the Debtor. There is consensus that the Debtor incurred debt for Joe's personal benefit. Further, Joe may have engaged in self-dealing by converting the Debtor's assets for use by his family or Duling Ranch Inc., a non-debtor entity wholly owned by Joe. Although the Debtor filed formal responses in opposition to conversion or dismissal, at the March 15, 2023 hearing, Debtor acknowledged the existence of a significant conflict of interest, conceding that Joe would likely have to sue himself to fulfill his fiduciary obligations to the estate. The Court finds the pre-petition conduct detailed in the Trustee's Report creates a conflict of interest between Joe and Debtor. There is no conceivable cure to the conflict of interest as Joe holds all corporate positions of Debtor. Therefore, the Court finds

"cause" exists under 11 U.S.C. §§ 1112(b)(1) and 1185(a) to dismiss, convert, or remove the Debtor as DIP.

    II.    <u>Removing the DIP and Expanding the Role of the Subchapter V Trustee is in the Best Interest of Creditors and the Estate.</u>

Having found that "cause" exists under either 11 U.S.C. §§ 1112 or 1185, the Court must decide what course of action will serve "the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Under 11 U.S.C. § 1112(b)(1), the Court may dismiss, convert, or appoint a chapter 11 operating trustee. Alternatively, under 11 U.S.C. § 1185(a), the Court may remove the debtor-in-possession and expand the role of the Subchapter V trustee. The Court finds that the latter serves the best interests of creditors and the estate in this case.

There are many advantages to maintaining the Debtor's Subchapter V election in this case. First, there are general advantages of Subchapter V, including its cost-effectiveness and the elimination of the absolute priority rule and impaired accepting class requirements from the confirmation standard. Where, as here, a business debtor intends to market and sell its assets to fund a liquidating plan, staying in Subchapter V will prevent the estate from incurring substantial chapter 11 UST fees or the statutory compensation of a chapter 7 panel trustee. Other advantages are unique to this case. This case has well over 300 docket entries. The estate has made a significant investment in the professionals who are familiar with the case. In particular, the Trustee has extensive knowledge of the Debtor and its estate from its prior investigation and mediation in the case. [ECF Nos. 269 and 277.] By contrast, if the case is converted, the Trustee would be replaced with a new chapter 7 panel

5

trustee. The natural learning curve for a new professional would require duplicative work and further delay distributions to creditors.

Upon removal of the DIP, the Trustee's role will be expanded in this case. In a typical Subchapter V case, the Trustee's duties and powers include those set forth in § 704(a)(2), (5), (6), (7), and (9). 11 U.S.C. §1183(b)(1). For cause, a court can instruct the Trustee to perform the duties specified in § 1106(a)(3), (4), and (7). 11 U.S.C. §1183(b)(2). Additionally, when the debtor ceases to be a DIP, the Trustee's powers and duties are expanded to those "specified in section 704(a)(8) and paragraphs (1), (2), (3), (4), and (6) of section 1106(a)[.]" 11 U.S.C. §1183(b)(5). Upon entry of this order, the Trustee will have all the aforementioned duties and powers in this case.

### III. If the Parties Fail to Timely File a Joint Plan, Conversion to Chapter 7 is in the Best Interests of Creditors and the Estate.

The Bankruptcy Code does not permit the Court to expand the Trustee's powers to include a right to unilaterally propose a liquidating plan or a plan of reorganization in this case. 11 U.S.C. § 1189(a). As a practical matter, to preserve the benefits of subchapter V in this case, the Trustee and Debtor must jointly propose a plan. If a subchapter V plan is not timely filed in accordance with this order, the case will convert to chapter 7 without further notice or hearing to prevent further diminution of the estate. 11 U.S.C. § 1112(b)(4)(J) (establishing that grounds for conversion include failure to file or confirm a plan within the time fixed by the court order).

## CONCLUSION

In sum, "cause" exists to remove the DIP under 11 U.S.C. § 1185(a). "Cause" also exists to dismiss or convert the case to a chapter 7 under 11 U.S.C. § 1112(b)(1). The Court finds it is in the best interest of the estate to preserve the general benefits of subchapter V. It is also in the best interests of creditors and the estate to avoid the quarterly UST fees of a traditional chapter 11 or the statutory compensation of a newly appointed chapter 7 panel trustee. Accordingly, the Debtor is removed as a DIP in accordance with 11 U.S.C. § 1185(a) and the Trustee's duties and powers are hereby expanded in accordance with § 1183(b)(2) and (5). If the Trustee and Debtor fail to timely file a joint plan, the case will convert to chapter 7.

Accordingly, IT IS ORDERED:

1. Upon entry of this Order, the Debtor ceases to be a Debtor-in-Possession pursuant to 11 U.S.C. § 1185(a).

2. Upon entry of this Order, the Trustee shall have all the powers set forth in 11 U.S.C. § 704(2), (5), (6), (7), (8), (9), (10), (11) and (12), plus 11 U.S.C. §1106(a)(1), (2), (3), (4), (6), and (7).

3. The Court will convene a status conference on **Wednesday, May 24 at 2:00 p.m.** Trustee and Debtor shall jointly file the report described in 11 U.S.C. §1188(c) no later than 14 days before the status conference. Upon a failure to timely file a joint report, the case shall be converted to chapter 7 without further notice or hearing.

4. Trustee and Debtor must file a joint plan no later than 90 days after the date of this order. Upon a failure to timely file a joint plan, the case shall be converted to a chapter 7 without further notice or hearing.

DATED: *April 10, 2023*

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

*/e/Kesha L. Tanabe*

Kesha L. Tanabe
United States Bankruptcy Judge

7